**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| DAVID TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-21-GBW-SRF |
| | ) | |
| UNITED STATES OF AMERICA, STATE | ) | |
| OF MARYLAND, JENNIFER DUNCAN, | ) | |
| DAVID DUNCAN, and VALERIE | ) | |
| DUNCAN, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff David Turner ("Plaintiff"), an inmate at the Chesapeake Detention Facility in

Baltimore, Maryland, filed this action on January 8, 2026. (D.I. 1)  He appears *pro se* and has

paid the filing fee.  The court proceeds to review and screen the matter pursuant to 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A.  For the reasons set forth below, I recommend that the complaint

be DISMISSED with prejudice.

**I.    BACKGROUND**

The following facts are taken from the complaint and are assumed to be true for purposes

of screening the complaint. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir.

2008).  Plaintiff was investigated and charged with two murders that occurred on August 25,

2024. (D.I. 1 at 1-2)  He was detained on September 28, 2024 and indicted on January 17, 2025.

(*Id.* at 2)  His trial date is set for March 30, 2026.  (*Id.* at 4)

Count 1 of the complaint asserts a cause of action for violations of the Speedy Trial Act,

malicious prosecution, false arrest, and violations of the Sixth Amendment. (D.I. 1 at 1)  In

Count 1, Plaintiff alleges that the state prosecutor's office and the FBI made false statements and

forged evidence during the investigation, resulting in his wrongful detainment. (*Id.* at 5)

Plaintiff further contends that these government agencies withheld discovery, concealed

exculpatory evidence, and violated the Speedy Trial Act by requesting a continuance of

Plaintiff's proceedings to conduct additional DNA testing. (*Id.* at 2)

Count 2 of the complaint alleges that Plaintiff was subjected to illegal searches and

seizures in violation of the Fourth Amendment. (*Id.* at 6)  Plaintiff specifies that this cause of

action is brought against "[t]he defendants who participated in the investigation[.]" (*Id.*)  The

factual allegations pertain to the search of Plaintiff's home, the seizure of his property, and the

sampling of his DNA during the course of the investigation. (*Id.* at 6-7)

Count 3 of the complaint alleges that Defendants collectively kidnapped Plaintiff's

children. (*Id.* at 7)  According to Plaintiff, officers found his children home alone on the date of

the murders. (*Id.*)  They took the children into state custody and placed them in the care of

individual defendants Jennifer, David, and Valerie Duncan. (*Id.* at 7-9)  According to Plaintiff,

Defendants proceeded to make unfounded accusations of child abuse against him. (*Id.*)

Count 4 of the complaint avers that the federal and state detention facilities violated

Plaintiff's First Amendment rights by failing to provide him with kosher meals in recognition of

his Jewish faith. (*Id.* at 9)

Count 5 of the complaint alleges that the State of Maryland fraudulently charged Plaintiff

for alleged physical abuse in 2019, took custody of his children, and concealed evidence. (*Id.* at

10)

## II.    LEGAL STANDARD

A federal court may properly dismiss an action *sua sponte* under the screening provisions

of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) if "the action is frivolous or malicious, fails to state

2

a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), a court may dismiss a complaint as frivolous if it depends on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Dooley*, 957 F.3d at 374 (internal citations and quotation marks omitted).

## III.    DISCUSSION

### A.    The State of Maryland and United States Are Immune from Suit.

The United States and the State of Maryland are immune from suit under the doctrine of sovereign immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." (internal quotation marks and citations omitted)); *see also Newman v. United States*, C.A. No. 22-516-RGA, 2022 WL 17555608, at *2 (D. Del. Dec. 9,

3

2022) ("It is well established that an action against the United States cannot be maintained unless the United States waives its sovereign immunity[,]" and such waiver "must be unequivocally expressed."). Consequently, I recommend that the court DISMISS with prejudice all five counts of the complaint to the extent they are brought against the United States, the State of Maryland, and the associated agencies pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii).

### B. The Individual Defendants Are Not State Actors.

Count 3 of the complaint, entitled "Kidnapping of Children," is brought against individual defendants Jennifer, David, and Valerie Duncan. Count 3 does not raise a federal civil claim for violation of the United States Constitution or federal statutes. *See* 28 U.S.C. § 1331. Moreover, the complaint does not allege that Jennifer, David, or Valerie Duncan is a state actor, which is a necessary element for claims brought under 42 U.S.C. § 1983. *See Smith v. Springhill Suites*, C.A. No. 22-323-RGA, 2022 WL 1443944, at *2 (D. Del. May 6, 2022) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

## IV.   CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

### ORDER

At Wilmington this __th day of _____, 2025, IT IS ORDERED that:

1.     The Report and Recommendation issued on March 16, 2026 is **ADOPTED.**

2.     Plaintiff's complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2). The court finds amendment would be futile.

4

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation.  Fed. R. Civ. P. 72(b).  The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court.  *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: March 16, 2026

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE