**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DAVID TURNER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, STATE OF MARYLAND, JENNIFER DUNCAN, DAVID DUNCAN, and VALERIE DUNCAN,<br><br>Defendants. | ) | Civil Action No. 26-21-GBW-SRF |

## REPORT AND RECOMMENDATION

Plaintiff David Turner ("Plaintiff"), an inmate at the Chesapeake Detention Facility in Baltimore, Maryland, filed this action on January 8, 2026. (D.I. 1) He appears *pro se* and has paid the filing fee. The court reviewed and screened the matter pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A in a Report and Recommendation dated March 16, 2026, recommending that the complaint be dismissed with prejudice. (D.I. 15) Plaintiff timely filed objections to the Report and Recommendation, which remain pending. (D.I. 19) At present, there are thirteen motions pending in this case, including a motion for recusal of the undersigned judicial officer, which was filed on October 29, 2026. (D.I. 5; D.I. 14; D.I. 17; D.I. 18; D.I. 26; D.I. 28; D.I. 31; D.I. 32; D.I. 35; D.I. 37; D.I. 38; D.I. 39; D.I. 41) I recommend that the court address the dispositive motions in the manner set forth at Section II.A, *infra*. Rulings on the non-dispositive motions are set forth at Section II.B, *infra*.

## I. BACKGROUND

The Report and Recommendation issued on March 16, 2026 includes a summary of the facts taken directly from Plaintiff's complaint. (D.I. 15) Plaintiff objects to certain aspects of the court's summary. (D.I. 19 at 1) The undersigned offers no further background while objections remain pending before the district judge.

## II. DISCUSSION

A district court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of dispositive matters pending before the Court. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). If a party files a timely written objection to a Magistrate Judge's Report and Recommendation within fourteen days of its issuance, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A district court may also refer non-dispositive motions to a Magistrate Judge for adjudication. Under Rule 72(a), "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

On March 11, 2026, the district judge assigned to this action referred the case to the undersigned judicial officer "to hear and resolve all pretrial matters, up to and including the resolution of case-dispositive motions, subject to 28 U.S.C. § 636(b) and any further Order of the Court." (D.I. 12) The court addresses the pending dispositive and non-dispositive motions in accordance with the foregoing legal standards and the referral order.

### A. Recommendations for Case Dispositive Motions under Rule 72(b)

Having recommended that the court dismiss Plaintiff's complaint with prejudice pursuant to 28 U.S.C. § 1915(e) in the Report and Recommendation issued on March 16, 2026, (D.I. 15), I further recommend that the court TERMINATE the following dispositive motions as moot based on the recommended dismissal with prejudice or, alternatively, DENY the motions for the reasons set forth in the chart below:

| DKT. # | DATE | MOTION | REASONS FOR DENIAL |
|---|---|---|---|
| D.I. 14 | 3/13/2026 | Motion for Temporary Restraining Order / Preliminary Injunction | - MOOT per Report and Recommendation at D.I. 15.<br>- Plaintiff seeks a release from detention in Maryland state prison. The abstention doctrine, as defined in *Younger v. Harris*, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings. Plaintiff has not established that he lacks adequate state court remedies to seek the requested relief in the pending criminal case against him. |
| D.I. 18 | 3/20/2026 | Motion for Preliminary Injunction | - MOOT per Report and Recommendation at D.I. 15. |
| D.I. 28 | 5/4/2026 | Motion for *in forma pauperis* service | - MOOT per Report and Recommendation at D.I. 15.<br>- A district court does not abuse its discretion in denying a plaintiff's motion to proceed *in forma pauperis* when the plaintiff has already paid the filing fee. *See Hurst v. City of Rehoboth Beach*, 288 F. App'x 20, 23 (3d Cir. 2008). |
| D.I. 31 | 6/22/2026 | Motion for "Witness Body Attachment" | - MOOT per Report and Recommendation at D.I. 15.<br>- Plaintiff appears to seek the testimony of his children to support his criminal case, although the exact nature of the requested relief is unclear. The abstention doctrine, as defined in *Younger v. Harris*, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings. The *Younger* abstention |

| DKT. # | DATE | MOTION | REASONS FOR DENIAL |
|---|---|---|---|
| | | | doctrine extends to civil enforcement actions "akin to a criminal prosecution," such as state-initiated child custody cases. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 79 (2013). |
| D.I. 32 | 6/22/2026 | Motion for Adoption Injunction and Custody of Children | - MOOT per Report and Recommendation at D.I. 15.<br>- To the extent that Plaintiff seeks a review and/or rejection of family court rulings, the court lacks subject matter jurisdiction over such claims under the *Rooker-Feldman* doctrine, which "is based on the well-settled understanding that the Supreme Court . . . and not the lower federal courts, has jurisdiction to review a state court decision." *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003) (internal citations and quotations omitted).<br>- If the custody matter is on appeal, remains pending in state court, and has not yet reached final resolution, "the Court must abstain by reason of the abstention doctrine as defined in *Younger*[.]" *Cain v. Delaware*, C.A. No. 16-1073-LPS, 2018 WL 3850646, at *3 (D. Del. Aug. 13, 2018). |
| D.I. 35 | 7/7/2026 | Motion for Summary Judgment | - MOOT per Report and Recommendation at D.I. 15.<br>- Premature because no defendant has been served, a scheduling order has not been entered, and discovery has not yet commenced. |

**B. Orders on Non-Dispositive Motions under Rule 72(a)**

Plaintiff's non-dispositive motions are DENIED for the following reasons:

| DKT. # | DATE | MOTION | REASONS FOR DENIAL |
|---|---|---|---|
| D.I. 5 | 3/2/2026 | Motion for Extension of Time to Serve Summons | The procedural posture of this case remains at the screening stage. Unless and until the complaint passes screening, no defendant will be served, a scheduling order will not be entered, and discovery will not proceed. Therefore, the motion is premature. |

| DKT. # | DATE | MOTION | REASONS FOR DENIAL |
|---|---|---|---|
| D.I. 17 | 3/20/2026 | Motion for Signed Subpoenas | The procedural posture of this case remains at the screening stage. Unless and until the complaint passes screening, no defendant will be served, a scheduling order will not be entered, and discovery will not proceed. Therefore, the motion is premature. |
| D.I. 26 | 4/10/2026 | Motion to Amend Parties in Complaint | Amendment would be futile. The proposed replacement defendants are named in their official capacities.<br>- Plaintiff's complaint seeks monetary damages. Section 1983 claims for monetary damages against a state official acting in his or her official capacity are barred under the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).<br>- Plaintiff's claims against the United States Attorney General are futile because an action against a federal official in his official capacity is an action against the United States, and the court lacks subject matter jurisdiction over any such claim as there has been no waiver of sovereign immunity. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 473 (1994).<br>- To the extent that the complaint seeks injunctive relief against state actors, it does not allege any of the replacement defendants had personal involvement in the alleged failure to provide kosher meals. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).<br>- To the extent that the complaint seeks injunctive relief for actions taken in state criminal and/or family court proceedings, the *Younger* abstention doctrine and/or the *Rooker-Feldman* doctrine apply for the reasons previously stated. |

| DKT. # | DATE | MOTION | REASONS FOR DENIAL |
|---|---|---|---|
| D.I. 37 | 7/21/2026 | Motion for Issuance of Subpoenas | The procedural posture of this case remains at the screening stage. Unless and until the complaint passes screening, no defendant will be served, a scheduling order will not be entered, and discovery will not proceed. Therefore, the motion is premature. |
| D.I. 38 | 8/31/2026 | Motion to Correct Docket and Issue Summons | Having determined that amendment of the complaint is futile, there is no basis to add defendants to Plaintiff's proposed amended pleading or issue a summons. |
| D.I. 39 | 9/2/2026 | Motion for Ruling on All Pending Motions | MOOT per the instant Report and Recommendation to resolve all pending motions. |
| D.I. 41 | 10/29/2026 | Motion for Recusal | See below for analysis. |

Plaintiff's motion for the recusal of the undersigned judicial officer pursuant to 28 U.S.C. § 455 is DENIED. (D.I. 41) Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal is also required "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.* at § 455(b)(1).

Plaintiff identifies two bases for bias and impartiality: (1) the Report and Recommendation falsely recites the facts, and (2) the recommended dismissal with prejudice is legally erroneous for various reasons. (D.I. 42) The court's recitation of the facts in the Report and Recommendation issued on March 16, 2026 is taken from the pleading itself. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff argues that the undersigned "falsely stated I was charged with 2 murders, detained awaiting trial on 3/30/2026." (D.I. 42 at 1) The complaint avers that "[a] criminal investigation . . . in relation to the murders of Crimea Baker and Sean Lange later lead [*sic*] investigators to consider [Plaintiff] a suspect and file

charges against [Plaintiff] on or about 9/28/2024 in the State of Maryland[,]" where he was "detained for the murders on or about 9/28/2024[.]" (D.I. 1 at ¶¶ 2-3) The complaint appears to allege that the state charges were dropped when Plaintiff was "indicted . . . federally for the same accusations on or about 11/12/2025[.]" (*Id.* at ¶ 7) In the following paragraph, the complaint pleads that "Judge McGann set my trial date for 3/30/2026[.]" (*Id.* at ¶ 8) The docket reflects that Plaintiff remains incarcerated.[1] At this stage of the proceedings, the court is limited to consideration of the four corners of the complaint. Plaintiff did not attach any exhibits to his complaint in this matter, and the court lacks access to criminal and civil dockets in state court proceedings. Any perceived inaccuracies in the court's summary of the facts are not the result of bias.

Plaintiff's objections to the court's legal conclusions do not support recusal because "judicial rulings alone almost never constitute [a] valid basis for a bias or partiality recusal motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "Almost invariably, they are proper grounds for appeal, not for recusal." *Id.* In this instance, Plaintiff filed objections to the court's Report and Recommendation. (D.I. 19; *see also* D.I. 25) The district judge will consider Plaintiff's objections and review the Report and Recommendation *de novo*. Plaintiff's objections are not grounds for recusal. *See Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("[A] party's displeasure with legal rulings does not form an adequate basis for recusal."); *Garces v. Epic Pain Mgmt./Express Pain & Urgent Care*, 2025 WL 2182459, at *2 (W.D. Tex. June 25, 2025).

---

[1] To the extent that Plaintiff suggests the court erred in stating he is detained, the court notes that Plaintiff's status as a *pro se* litigant does not alleviate him of the responsibility to keep the court apprised of his current address. *Hall v. Holman*, C.A. No. 04-1328-GMS, 2007 WL 2049776, at *2 (D. Del. July 12, 2007), *aff'd*, 265 F. App'x 135 (3d Cir. 2008).

## III. CONCLUSION

For the reasons discussed above, I recommend that the court ADOPT the Report and Recommendation (D.I. 15) and TERMINATE all pending dispositive motions in this case as MOOT or, alternatively, DENY the motions for the reasons set forth at Section II.A, *supra*. (D.I. 14; D.I. 18; D.I. 28; D.I. 31; D.I. 32; D.I. 35) This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.

Plaintiff's non-dispositive motions are DENIED. (D.I. 5; D.I. 17; D.I. 26; D.I. 37; D.I. 38; D.I. 39; D.I. 41) The rulings on Plaintiff's non-dispositive motions are filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2).

Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(a)-(b). The failure of a party to object to recommendations on dispositive motions may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017). The failure of a party to object to rulings made on nondispositive motions may result in the loss of the right to appellate review. *See United Steelworkers of Am., AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006-08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: November 2, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE